UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-10 Marina Jacobs,

        Defendant.
_____/

Criminal No. 15-cr-20283
Hon. George Caram Steeh

## **PRELIMINARY ORDER OF FORFEITURE**

Defendant Marina Jacobs entered into a Rule 11 Plea Agreement [Doc # 195] (Rule 11) and thereafter pleaded guilty to Count One of the First Superseding Information, which charges defendant with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Defendant agreed in her Rule 11, pursuant to 18 U.S.C. § 982(a), to the forfeiture of the following personal property: $33,800 in U.S. currency seized from her residence (Subject Property).

The Government filed an Application for Entry of Preliminary Order of Forfeiture seeking to forfeit the Subject Property under 18 U.S.C. § 982(a), as property involved in the Title 18 violation.

The Court finds that the Subject Property has a sufficient nexus to

the Defendant's offense of conviction and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a).

NOW THEREFORE, pursuant to 18 U.S.C. § 982(a), based upon Defendant's Rule 11 and guilty plea, the government's Application for Entry of Preliminary Order of Forfeiture, and the information in the record,

IT IS HEREBY ORDERED THAT

1. Defendant shall forfeit to the United States, without contest, any and all right, title, and interest she may possess in any property, real or personal, involved in her Title 18 violation.

2. Any and all interest of defendant in the Subject Property IS HEREBY FORFEITED to the United States for disposition in accordance with the law, and any right, title or interest of defendant, and any right, title or interest that her heirs, successors or assigns have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

3. The United States is hereby authorized, pursuant to Federal Rules of Criminal Procedure 32(d)(2), to begin proceedings consistent

with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

4. Upon entry of this order, the United States shall publish on [www.forfeiture.gov](www.forfeiture.gov) notice of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

5. Said notice shall direct that any person other than the defendant asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in

the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. This Preliminary Order of Forfeiture shall become final as to defendant at the time it is entered. With regard to third parties, if no third party files a timely petition, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Dated: April 17, 2018            **s/George Caram Steeh**
                                 HON. GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE